```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


COY PHELPS,                           )
                                      )
     Plaintiff,                       )    CIVIL ACTION NO.
                                      )    11-11032-DPW
 v.                                   )
                                      )
JEFFREY GRONDOLSKY, ET AL             )
                                      )
     Defendants.                      )
```

## MEMORANDUM AND ORDER
September 24, 2012

The Plaintiff Coy Phelps has repeatedly relitigated the question whether he may properly be civilly committed in Bureau of Prisons facilities following his acquittal as not guilty by reason of insanity for manufacturing, possessing and deploying pipe bombs in the San Francisco area.  He has received multiple adverse final judgments determining that he may be held in such facilities.  That core issue is barred from pursuit in this case by doctrines of collateral estoppel.

Here, however, the plaintiff seeks to avoid the collateral estoppel bar by asserting claims that the defendants have sought to "prevent the plaintiff from exercising his first amendment rights to communicate and to associate" by impeding his access to the Postal Service and email and have sought "to hinder the plaintiff's access to the court" by limiting his opportunities to make use of the law library.

These condition of confinement claims appear at this stage to avoid the collateral estoppel bar to plaintiff's challenges to his commitment in a Bureau of Prison facility.  The claims are adequately alleged with sufficient specificity to permit the named defendants to answer.  While the government contends that plaintiff is simply complaining about rules of the institution in which he is properly confined and that the availability of qualified immunity for the defendants is plain, I cannot agree simply on the basis of the Complaint.  A motion to dismiss is not adequate to frame the issues.  A summary judgment motion developing the relevant factual circumstances and the application of the governing law to the claims is necessary to advance resolution of this litigation.

Accordingly, the defendants' motion to dismiss (#14) is hereby DENIED and the government is directed to file an answer together with an adequately supported motion for summary judgment as to plaintiff's claims on or before November 9, 2012.


／s/ *Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE