UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
COY PHELPS                              )
                                        )
         Plaintiff,                     )
                                        )
                                        )    CIVIL ACTION NO.
     v.                                 )    11-11032-DPW
                                        )
JEFFREY GRONDLSKY, WALTER JOHNSON       )
IVONNE BENET-RIVERA, PAUL LYONS,        )
and the UNITED STATES ATTORNEYS         )
OFFICE,                                 )
                                        )
         Defendants.                    )
```

MEMORANDUM
September 23, 2013

Plaintiff Coy Phelps, a civil committee held at Federal Medical Center Devens, continues through this law suit to pursue his repeatedly unsuccessful challenge to the constitutionality of his continued civil confinement.  In this complaint, the claims – concerning access to stamps, copy cards, the law library and email and for retaliation – appear to be oblique challenges to his status as an civil committee who is an inmate in a Bureau of Prisons facility subject to the facility's general rules.  Because, however, the claims are artfully pled to avoid the *res judicata* bar on any direct challenge to the constitutionality of his commitment, I have sought development of the record through summary judgment practice.  On that record, I find the facially

independent claims he has presented to be unsupported and without merit.

The limits to stamps and copy cards to which the plaintiff objects are generally applicable to all inmates.  There is nothing unconstitutional about applying the same limits both to those serving a term of incarceration and to those civilly committed.  They are reasonably related to legitimate interests of the corrections system in maintaining order in the prison environment.  Stamps and copy cards can function as black market currency disruptive of the community of inmates.  Reasonable limits, such as those at issue here, are justifiable efforts to restrain trafficking in such currency by inmates to obtain undue advantages within the prison.  As to email traffic, putting to one side that such means of communication by inmates is not clearly protected by the First Amendment, it appears plaintiff has had uninterrupted access.  Thus, no separate claim as to email can withstand summary judgment

The limits on law library use are appropriate time, place and manner restrictions to govern competing claims of access by those in medically unassigned status and those not so restricted. Plaintiff's extraordinarily lengthy list of law suits is sufficient answer to any suggestion he has been impaired in any meaningful fashion from challenging his terms and conditions of

confinement.  The alternate hours available to him are fully adequate to meet his constitutional rights and more.

The plaintiff has failed to plead adequately that retaliation was undertaken against him for his energetic and extensive litigation against the Bureau of Prisons and many of its personnel.  To the contrary, my conclusion regarding uniform application of prison rules to all inmates equally makes entirely implausible plaintiff's conclusory allegations of individual retaliation against him by application of those rules.

In short, there is no claim stated in this complaint against defendants in either their official or personal capacities sufficient to demonstrate a violation of clearly established constitutional rights.  As a consequence, after DENYING plaintiff's motion (#29) to strike the affidavit of Magnusson, with its copious attachments, because I do not find it misleading, I hereby GRANT defendants' motion (#26) for summary judgment.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE